Birchard, C. J.
The questions arising in this case are presented on a motion to confirm the sale by the sheriff.
The first objection is that the notice is insufficient.
The affidavit exhibited to prove publication of notice returned by the sheriff, contains a copy of the notice which does not state the time or place of sale. This is defective. It is wholly insufficient. It looks as though a part had been omitted or cut off in clipping it out of the newspaper in which it Was published, and it is probable the defect might be supplied if the cause should be continued and sent back to the county.
The next objection to the notice is, that the publication was not made according to law. The statute requires that lands takon in execution shall not be sold until the officer cause public notice of the time and place of sale to be given, for at least thirty days before the day of sale, by advertisement in some newspaper printed in the county (Swan’s Stat. 474), and it is urged that these words roquire consecutive insertions of the notice during the period of thirty days.
*476 This construction of the statute has been practiced upon very generally in many parts of the state; and wore it possible that private rights could be injuriously affected by not adopting and sustaining it, I might hesitate in expressing an opinion that consecutive insertions of the notice are not required. No such right can, however, bo affected. I look then to the statute in order to gather the meaning and intention of the legislature. Its words will be answered by one publication, inserted in a newspaper thirty days before the day of sale, and will not require an insertion in each paper that may bo issued between the date of the first insertion *and the sale. Insertions daily or weekly, when intended to be provided for, are always indicated in definite language, as in the advertisement for a tax sale, where this is the form of expression, “ shall cause notice to be advertised four weeks successively.”
There is, in my opinion, and in the opinion of another member of the court, no objection to the notice of sale on this ground, which would induce us to refuse a confirmation of the salo, 13 Ohio, 120, or at least no such objection as would induce us to reverse a judgment of confirmation by the court of common pleas, were the question before us upon writ of error.
To a certain extent, however, we all hold that the court of common pleas and this court, on an appeal from an order of confirmation, may exorcise a sound legal discretion, and refuse a confirmation where the object of the law in requiring publication of notice has not boon attained. As if, for instance, the letter of the statute has been literally complied with, but by a publication inserted in a newspaper printed in the county where the lands lie, of so limited a circulation as to confine the notiqo to a few persons only, or to a limited section of the county. A majority of the court (myself differing on this point only) are of opinion that this notice was published in a paper that did not circulate throughout the county of Hamilton, and which was confined to the city of Cincinnati. And that as the other publications made in the triweekly and weekly papers, and circulating in the county generally, and not in the city, were not given thirty days before the sale, the whole, taken together, do not show that the object of a notice has been attained bythe publication as proven to have been made, and therefore refuse to confirm the sale. The difference between us is upon a matter of fact and legal discretion, rather than upon a *477 question of law. Although not fully concurring in these views, the point is of a nature that does not justify a dissent on my part.
A question of greater difficulty is presented by the objection *that “ this court can not lawfully remand a decree in chaneery to the court of common pleas for execution.”
Section 106 of the act to regulate the practice of the judicial courts, prohibits the Supreme Court from issuing execution in causes that are removed before, them bg writ of error or on appeal, and ’makes it the duty of the court to send a special mandate to the court of common pleas to award execution upon their judgment. Swan’s Stat. 680. This statute purports to relate only to proceedings at law. Section 108 provides for an appeal to the Supremo Court of any judgment or decree rendered in the court of common pleas in which said court bad original jurisdiction. In looking through the entire practice act, the only word that seems to authorize the remanding of decrees in chancery for execution is the word decree, in section 108.
But the act directing the mode of proceedings in chancery (Swan’s Stat. 713, sec. 55), provides for appeals in chancery, and (sec. 51, p. 712) makes ample provision for the execution of decrees in chancery, by the courts of chancery, without any ¡provision for remanding such decrees to the court of common pleas for execution. Were the question an open one, we should scarco hesitate, on a review of these statutes, as to the construction, but the practice long since obtained of remanding to the courts of common pleas for execution, as well the decrees in chancery as the judgments and decretal orders in suits at law, and on certiorari.
Repeated circuit decisions of this court have been made in support of this practice, and many titles are hold in virtue of those decisions. In a matter at all doubtful, and on a subject of this nature, after a lapse of several years since the practice began in this court, and after it has been sustained by numerous circuit decisions, it can not be possible that the construction of the act requires to bo changed. Indeed, it can not be altered without producing indefinite mischief, and shaking public confidence in the stability of the judicial tribunals of the state.
In a case before the Supreme Court of the United States,
^where the judges were unanimously of opinion that a statute of Pennsylvania had been erroneously construed, they yielded their opinions to that of the courts of the state, on the ground that *478 many titles depended upon the erroneous construction, and that “ infinite mischief would ensue should they observe a different rule from that which had been long established.” McKean v. De Lancy’s Lessee, 5 Cranch, 33.
This is a question where like consideration should forbid a departure from the established practice of those who have preceded us.
We owe as much respect to the past judicial action of the courts of this state as would be paid by the highest court of the Union.
Another objection is, that the sale was made on an irregular order, and was made by a deputy. Assuming (as by the point last determined we have a right to do) that the decree was rightfully remanded to the court of common pleas for execution, and there can be no doubt but that the court had power to change for good cause the master appointed in the original decree, to make sale of the premises and to substitute another. We do not apprehend the question is before us, so that the action of that court in making the change and substitution can be inquired into. It was a matter of sound discretion to be exercised by them, and the facts upon which they acted in removing the special master do not appear in the record.
It is sufficient that he was removed, and that the court ordered and decreed the sale to bo made by the sheriff of the county for the time being. This was authorized by section 8 of the amendatory act (Swan’s Stat. 719), which required the order of sale to be directed to the sheriff or other proper officer of the county. And had not a different rule been held for many years in constructing this section 8, under which many titles have been acquired, a majority of the court might entertain the opinion that the true intention of the legislature was, that all sales of land on orders issuing *out of chancery should be made by the sheriff of the county or in his absence by. the coroner. But on this point we yield an opinion, and sustain the former construction as the settled law.
By another provision of the statute the deputy sheriff is authorized to execute a writ directed to his principal. “The deputy may do and perform any and all the duties appertaining to his principal.” Stat. 285, sec. 5.
The remaining inquiry is, could the last or pluries order of sale *479 legally issue after the intermarriage of Jane J. Craig, the administratrix, with Biddle ? It is contended that whatever might have been the rule at common law, this question is settled by the statute, which (Swan’s Stat. 344, sec. 28) provides that:
“When an unmarried woman, who is executrix or administratrix, either alone or jointly with another person, shall marry, her husband shall not be executor or administrator in her right; but the marriage shall operate as an extinguishment of her authority as executrix or administratrix; and the other executor or administrator, if there is any, may proceed in discharging the trust as if she were dead; and if there is no other executor or administrator, administration may be granted of the estate not already administered, and such administrator may proceed to discharge the trust, in like manner, as if the executrix or administratrix toere dead.”
Also, that an order of sale can not issue on a decree after the death of the plaintiff, or after that has happened which the law compels us to treat in this respect as its equivalent. *
Our first examination led us to the conclusion, that upon this ground also the sale should be set aside. A more careful consideration of the subject has satisfied us that our first impression, as applied to the facts before us, was incorrect.. After the rendition of the decree, and before the marriage took place, an order of sale and an alias order had issued, and was returned, “property unsold for want of bidders,” the appraisal had been set aside, and a new appraisal ordered. By the act directing the mode of proceeding in chancery, above referred to, this process is required to be treated in its ^execution “in like manner as an execution issued at law. Swan’s Stat. 712, 719, secs. 48, 72. An execution at law once begun is not abated by death, but may be proceeded in as an entire thing, until the object is effected by a sale of the property. This we conceive to be a well-settled rule, and fatal to this objection to the confirmation.
Sale set aside and remanded for further proceedings.